IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDITH KAMPFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK; FIFTH THIRD FINANCIAL CORPORATION; and FIFTH THIRD BANCORP,<br><br>Defendants. | **CIVIL ACTION**<br>**JURY DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Judith Kampfer ("Plaintiff" or "Kampfer"), individually and on behalf of all others similarly situated, and through her attorneys, for her Complaint against Defendants Fifth Third Bank, Fifth Third Financial Corporation, and Fifth Third Bancorp (collectively "Fifth Third" or "Defendants") alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of all current and former Customer Service Managers ("CSMs") who work or worked for Fifth Third within the United States (the "Collective Action Members"). Fifth Third violated the FLSA by failing to pay Plaintiff and other Collective Action Members overtime premium compensation for hours worked over 40 in a single workweek.

2. Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23, as the Ohio Class Representative on behalf of herself and all similarly-situated current and former Fifth Third CSMs who worked in Ohio (the "Ohio Class"), to remedy violations of the Ohio Wage and Hour Laws,

including the Ohio Minimum Wage Act, O.R.C. § 4111.01 *et seq.* ("OMWA"), and Section 34a of Article II of the Ohio Constitution ("Section 34a"). Fifth Third violated the OMWA by failing to pay its CSMs for all hours worked, failing to pay CSMs overtime on a timely basis, and failing to pay CSMs the legally required amount of overtime compensation in an amount required by law for all hours worked over 40 in a workweek. Fifth Third violated Section 34a by failing to maintain wage and hour records. Plaintiff and the Ohio Class are entitled to unpaid wages from Fifth Third for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the OMWA; they are also entitled to the relief provided by Section 34a and O.R.C. 4111.14.

3. Fifth Third is a diversified financial services company that provides banking and related products and services to clients through its 1,308 full service banking centers located in a dozen states. As of September 30, 2014, Fifth Third had $134 billion in assets.

4. Fifth Third employs CSMs at branch locations in Ohio, Kentucky, Indiana, Michigan, Illinois, Florida, Tennessee, West Virginia, Pennsylvania, Missouri, Georgia, and North Carolina.

5. Pursuant to corporate policy, Fifth Third classifies its CSMs as exempt from overtime pay requirements even though, and in contravention of the FLSA, Plaintiff and other CSMs primarily perform duties that are non-exempt in nature, including: working on the teller line; taking and making telephone calls with customers; greeting customers in the lobby; taking information for loan applications; answering customer inquiries; and engaging in other customer service duties such as, for example, selling banking products, opening and closing accounts, pulling daily reports, and counting and balancing cash drawers.

6. Further, Fifth Third has uniformly failed to accurately track or record actual hours

2

worked by CSMs and has failed to provide CSMs with a method to accurately record the hours actually worked.  In willful disregard of federal wage and hour law, Fifth Third has failed and refused to pay Plaintiff and other CSMs for all hours worked, as well as overtime premium pay for hours worked over 40 in a workweek.

7. Plaintiff seeks on behalf of herself and other current and former CSMs and similarly situated current and former employees, however variously titled, employed by Fifth Third in the United States, who elect to opt-in to this action pursuant to the FLSA: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorney's fees and litigation expenses.

## THE PARTIES

*Plaintiff Judith Kampfer*

8. Kampfer resides in Waterville, Ohio (Lucas County).  Kampfer worked at Fifth Third and its predecessor banks for 38 years.  From approximately February 2008 until approximately March 2013, she was employed by Fifth Third as a CSM at Fifth Third's branches located in Swanton, Ohio, and Toledo, Ohio (both in Lucas County).

9. Kampfer regularly worked over 40 hours in a workweek for Fifth Third's benefit during her employment as a CSM.

10. Pursuant to Fifth Third's policy, pattern or practice, Kampfer was not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40 in a workweek.

*The Defendants*

11. Fifth Third Bank is an Ohio company with its principal place of business in

3

Cincinnati, Ohio. Fifth Third Bank is a wholly-owned subsidiary of Fifth Third Financial Corporation.

12. Fifth Third Financial Corporation is an Ohio company with its principal place of business in Cincinnati, Ohio. Fifth Third Financial Corporation is a wholly owned subsidiary of Fifth Third Bancorp.

13. Fifth Third Bancorp is an Ohio company with its principal place of business in Cincinnati, Ohio.

14. Defendants each do business under the trade name or mark "Fifth Third."

15. Defendants are each a financial services company that provides banking and related products and services to clients nationwide.

16. Defendants each employed (or acted in the interest of an employer towards) Plaintiff and other similarly-situated current and former CSMs and (directly or indirectly, jointly or severally) controlled and directed the terms of employment and compensation of Plaintiff and other similarly situated current and former CSMs.

17. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

18. Defendants each had the power to control the terms and conditions of employment of Plaintiff and other similarly-situated current and former CSMs including, without limitation, those terms and conditions relating to the claims alleged herein.

19. Defendants jointly employed Plaintiff and other similarly situated current and former CSMs.

4

**JURISDICTION AND VENUE**

20. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in Lucas County, Ohio, within the Northern District of Ohio.

21. The Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

22. This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1367.

23. The amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

24. At least one member of the proposed classes is a citizen of a state different from that of at least one of the Defendants.

25. Plaintiff's claims involve matters of national or interstate interest.

26. Upon information and belief, greater than two-thirds of the members of all proposed classes in the aggregate are not citizens of the same state.

27. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Each Defendant is subject to personal jurisdiction in Ohio.

29. Each Defendant is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

**COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings her FLSA claims on behalf of herself and all similarly-situated persons who elect to opt-in to this action who work or have worked for Fifth Third as CSMs

5

between December 31, 2011 and the date of final judgment in this matter (the "Collective Action Period"). Anyone who released his or her FLSA claims in *Stallard v. Fifth Third, et al,* 2:12-cv-01092-MRH, is excluded from this collective and is not a Collective Action Member.

31. Plaintiff and other CSMs are similarly situated in that they have substantially similar job duties and are subject to Fifth Third's common compensation policies, patterns, and/or practices, including without limitation Fifth Third's misclassification of CSMs as exempt from the protections of the FLSA.

32. The primary job duties of Plaintiff and the Collective Action Members did not materially differ from the duties of non-exempt hourly paid employees. The performance of non-exempt duties occupied the majority of Plaintiff's and Collective Action Members' working hours.

33. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all CSMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

34. Upon information and belief, Fifth Third did not perform a person-by-person analysis of the job duties of CSMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

35. Fifth Third is liable under the FLSA for, *inter alia*, failing to properly compensate the Collective Action Members. There are believed to be at least 250 similarly-situated current and former CSMs who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly-situated CSMs are known to Fifth Third, are readily identifiable, and can be located through Fifth Third's

6

records. Notice should be sent to the FLSA Collective Action Members pursuant to 29 U.S.C. § 216(b).

36. Plaintiff and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Fifth Third as CSMs.

37. Fifth Third failed to pay Plaintiff and the Collective Action Members for all hours worked as well as overtime compensation for the hours they worked over 40 in a workweek due to the policy of classifying CSM's company-wide as exempt.

38. Fifth Third failed to keep accurate records of all hours worked by Plaintiff and the Collective Action Members.

39. Throughout the relevant period, it has been Fifth Third's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

40. The work that Plaintiff and the Collective Action Members have performed was assigned by Fifth Third or Fifth Third was aware of the work they performed.

41. The work performed by Plaintiff and the Collective Action Members constitute compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

42. Fifth Third has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiff and the Collective Action Members, which was authorized, established, promulgated, and/or ratified by Fifth Third's corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the Collective Action Members have worked for the benefit of Fifth Third;

    b. willfully failing to keep accurate time records as required by the FLSA or

7

       applicable state wage and hour laws;

c.    willfully failing to credit Plaintiff and the Collective Action Members for all hours worked including overtime hours, consistent with the requirements of the FLSA;

d.    willfully failing to pay Plaintiff and the Collective Action Members wages for all hours worked including overtime wages for hours worked in excess of 40 hours per workweek;

e.    willfully classifying Plaintiff and the Collective Action Members as exempt despite their primary duties being non-exempt in nature; and

f.    failing to provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each bank, when Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in bank labor budgets resulted in Plaintiff and other similarly-situated CSMs (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform non-exempt duties during their workweeks, without receiving overtime compensation—which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt bank-level employees.

43.    As an experienced bank operating over 1000 locations throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for bank locations, Plaintiff and other similarly situated CSMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities

aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiff and other similarly situated CSMs as non-exempt employees.

44. Fifth Third's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ALLEGATIONS

45. Pursuant to Fed. R. Civ. P. 23, Plaintiff Kampfer as the Ohio Class Representative, brings the OMWA and Section 34a claims ("Ohio Claims"), individually and on behalf of the Ohio Class.

46. The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable. Although the Ohio Class Representative does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Fifth Third and ascertainable. Upon information and belief, there are at least 50 members of the Ohio Class.

47. Fifth Third has acted or refused to act on grounds generally applicable to the Ohio Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

48. There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

   a. whether Fifth Third has failed and/or refused to pay the Ohio Class Representative and the Ohio Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the OMWA;
   b. the nature and extent of the class-wide injury and the appropriate measure of damages for the Ohio Class;
   c. whether Fifth Third has a policy of misclassifying CSMs as exempt from

        coverage of the overtime provisions of the OMWA;

   d.    whether Fifth Third's policy of misclassifying CSMs as exempt from coverage of the overtime provisions of the OMWA was done willfully;

   e.    whether Fifth Third can prove that their unlawful policies were implemented in good faith; and

   f.    whether Fifth Third failed to maintain records of the Ohio Class members' hours worked for each day worked in violation of Section 34a.

49. Fifth Third has acted or refused to act on grounds generally applicable to the Ohio Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

50. The claims of the Ohio Class Representative are typical of the claims of the Ohio Class. The Ohio Class Representative and the other Ohio Class Members work or have worked for Fifth Third and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek. Fifth Third acted and refused to act on grounds generally applicable to the Ohio Class, thereby making declaratory relief with respect to the Ohio Class appropriate.

51. The Ohio Class Representative will fairly and adequately represent and protect the interests of the Ohio Class.

52. The Ohio Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

53. A class action is superior to other available methods for the fair and efficient adjudication of the Ohio Wage and Hour Law claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

54. The members of the Ohio Class have been damaged and are entitled to recovery because of Fifth Third's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Ohio Class Members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

55. Class treatment of the Ohio Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Fifth Third's practices.

## COMMON FACTUAL ALLEGATIONS

56. Throughout their employment with Fifth Third, Plaintiff and the members of the FLSA Collective and Ohio Class consistently worked more than 40 hours per workweek.

57. Fifth Third was aware that Plaintiff and the members of the FLSA Collective and Ohio Class worked more than 40 hours per workweek, yet Fifth Third failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

58. The primary duties of Plaintiff and the members of the FLSA Collective and Ohio Class duty were non-exempt.

59. The tasks that Plaintiff and the other CSMs regularly performed include but are not limited to:

   a. sales, including loans and lines of credit, as well as insurance and annuity products;

   b. working the teller line;

   c. performing operations work such as routine audits of teller drawers, the ATM, and the vault;

   d. generating and printing routine reports; and

   e. performing other customer service tasks;

60. Plaintiff's and the other CSMs' primary job duties did not include:

   a. hiring, firing, promoting, or disciplining other employees;

   b. implementing management policies, practices, and procedures;

   c. committing Fifth Third in matters having significant financial impact;

   d. setting employees' wages; or

   e. determining how many labor hours could be allocated to their branch.

61. The primary duties of Plaintiff and the members of the FLSA Collective and Ohio Class did not differ substantially from the duties of non-exempt hourly paid employees.

62. Plaintiff and the members of the FLSA Collective and Ohio Class did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

63. Plaintiff and the members of the FLSA Collective and Ohio Class did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Fifth Third, as well as state and federal banking regulations.  Plaintiff and the members of the FLSA Collective and Ohio Class did not have any independent authority to deviate from these policies, practices, and procedures.

64. Branch managers and district managers were responsible for the overall performance of the branches and for coaching and developing bank employees.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and Collective Action Members**
**Against All Defendants**

65. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-64 as if they have been set forth herein.

66. Fifth Third has engaged in a widespread pattern and practice of violating the

12

FLSA, as described in this Collective and Class Action Complaint.

67. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

68. At all relevant times, Plaintiff and members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Fifth Third.

70. Fifth Third is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. At all times relevant, Plaintiff and members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

72. Fifth Third has failed to pay Plaintiff and members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

73. Fifth Third's violations of the FLSA, as described in this Collective and Class Action Complaint, have been willful and intentional.  Fifth Third has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Collective.

74. Because Fifth Third's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. As a result of Fifth Third's willful violations of the FLSA, Plaintiff and members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

76. As a result of the unlawful acts of Fifth Third, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### Ohio Wage and Hour Law: Unpaid Wages
### Brought on behalf of the Ohio Class Representative and the Ohio Class
### Against All Defendants

77. The Ohio Class Representative on behalf of herself and all Ohio Class Members, realleges and incorporates by reference the allegations in Paragraphs 1-64 as if they have been set forth herein.

78. Fifth Third has engaged in a widespread policy, pattern, or practice of violating the Ohio Wage and Hour Law, as detailed in this Collective and Class Action Complaint.

79. At all times relevant, the Ohio Class Representative and the other members of the Ohio Class have been employees and Defendants have been employers within the meaning of the OMWA. The Ohio Class Representative and the members of the Ohio Class are covered by the OMWA.

80. The members of the Ohio Class are similarly situated because they all performed the same primary duties, responsibilities and activities, and all are subject to Fifth Third's common policy and practice, implemented throughout the State of Ohio, of misclassifying them as exempt from the overtime requirements of the OMWA, and failing to credit and pay them proper overtime compensation, in violation of the OMWA.

81. Each Defendant employed the Ohio Class Representative and the members of the

Ohio Class as an employer or a joint employer, as further alleged herein.

82. Fifth Third's unlawful conduct, as described in this Collective and Class Action Complaint, was willful and/or in reckless disregard of the OMWA, and was done pursuant to Fifth Third's centralized, company-wide policy, pattern and/or practice of attempting to minimize labor costs by misclassifying the Ohio Class Representative and members of the Ohio Class as exempt but requiring them to perform non-exempt duties as their primary duties.

83. As part of its regular business practice, Fifth Third has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the OMWA with respect to Plaintiff and similarly situated CSMs.

84. During the course of the Ohio Class Period, Fifth Third failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required under the OMWA.  Fifth Third's failure to post or keep posted a notice explaining the minimum wage and overtime wage laws was willful or in reckless disregard of the rights of the Ohio Class Representative and the Ohio Class Members.

85. Due to the foregoing, Fifth Third's failure to pay overtime wages for work performed by the Ohio Class Representative and Ohio Class Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

86. Fifth Third's violations of the OMWA, as described in this Collective and Class Action Complaint, have been willful and intentional.

87. Due to Fifth Third's violations of the OMWA, the Ohio Class Representative and the members of the Ohio Class are entitled to recover from Fifth Third, jointly or severally, the relief requested herein.

## THIRD CAUSE OF ACTION

### Ohio Wage and Hour Law: Record-Keeping Violation
### Brought on behalf of the Ohio Class Representative and the Ohio Class
### Against All Defendants

88. The Ohio Class Representative on behalf of herself and all Ohio Class Members, realleges and incorporates by reference the allegations in Paragraphs 1-64 as if they have been set forth herein.

89. Defendants failed to maintain records of the Ohio Class members' hours worked for each day worked.

90. Defendants' failure to maintain such records violates Section 34a and entitles the Ohio Class Representative and the Ohio Class to the remedies provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Action Members, prays for the following relief:

A. Certification of the FLSA collective consisting of Plaintiff and all Collective Action Members;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. Pre-judgment interest;

D. Attorneys' fees and costs of the action, including expert fees; and

E. Such other relief as this Court deems just and proper.

**WHEREFORE**, the Ohio Class Representative, individually and on behalf of all members of the Ohio Class, prays for the following relief:

A. Certification of the state law claims in this action as class actions;

B. Designation of Kampfer as the Class Representative of the Ohio Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the OMWA;

D. Appropriate equitable and injunctive relief to remedy Defendants' violations of the OMWA, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate statutory penalties, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Fifth Third according to proof;

F. Pre-judgment interest;

G. All penalties provided by law;

H. Attorneys' fees and costs of this action, including expert fees; and

I. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective and Class Action Complaint.

Respectfully submitted,

s/ Drew Legando
---
Drew Legando (0084209)
Jack Landskroner (0059227)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
   jack@lgmlegal.com

Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brooke, New York 10573
T. (914) 934-9200
F. (914) 934-9220
E. seth@klafterolsen.com
   fran@klafterolsen.com

Gregg I. Shavitz
Susan H. Stern
Paolo C. Meireles
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
T. (561) 447-8888
F. (561) 447-8831
E. gshavitz@shavitzlaw.com,
   sstern@shavitzlaw.com,
   pmeireles@shavitzlaw.com

*Counsel for Plaintiff*

18