## Settlement Agreement

This Settlement Agreement (the "Agreement") sets forth the terms respecting settlement of claims (the "Settlement") by and between the Named Plaintiff Judith Kampfer ("Named Plaintiff") and any individuals who have filed a notice of consent to join this action that has not been withdrawn (collectively, the "Plaintiffs") in *Kampfer, et al., v. Fifth Third Bank, et al.*, Case No. 3:14-cv-02849 (N.D. Ohio), represented by Landskroner Grieco Merriman LLC, Klafter Olsen & Lesser LLP, Shavitz Law Group, P.A., and Winebrake & Santillo LLC, and Fifth Third Bank; Fifth Third Financial Corporation; and Fifth Third Bancorp (collectively, "Fifth Third"). Plaintiffs and Fifth Third are collectively referred to as the "Parties."

## RECITALS

**A.** The Named Plaintiff, a former Customer Service Manager employed by Fifth Third, filed *Kampfer* in the United States District Court for the Northern District of Ohio, claiming that Fifth Third improperly classified her as an exempt employee under the Fair Labor Standards Act ("FLSA") and under Ohio Wage and Hour Laws, including the Ohio Minimum Wage Act, O.R.C. § 4111.01 *et seq.*, and Section 34a of Article II of the Ohio Constitution, and accordingly, owed her and other similarly classified Customer Service Managers overtime compensation;

**B.** In its Answer to the Named Plaintiff's Complaint, Fifth Third denied that either the Named Plaintiff or any other Customer Service Manager was improperly classified as exempt;

**C.** The Court subsequently granted conditional certification of the case as an FLSA collective action, and 201 Plaintiffs filed notices of consent to join the action;

**D.** The Parties have negotiated a settlement in good faith with the assistance of an experienced third-party wage and hour mediator and are entering into this Agreement for the purposes of settling, compromising, and resolving any and all claims that Plaintiffs may have against Fifth Third.

**E.** In the interest of judicial economy and efficiency, the Parties have agreed to seek judicial approval of their settlement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

1. Settlement Payment. Subject to the terms of this Agreement, Fifth Third has agreed to pay a single combined payment of the amount of $1,111,388.00, inclusive of fees, costs, administrative expenses and service award (the "Settlement Payment"), in settlement and full satisfaction of Plaintiffs' wage and hour claims against Fifth Third. In no event will Fifth Third's liability under this Agreement exceed the amount of the Settlement Payment. However, Fifth Third will pay its share of employer payroll taxes in addition to the Settlement Payment. Fifth Third agrees not

        to oppose Plaintiffs' counsel's petition to the Court for an award of reasonable attorneys' fees and reimbursement of costs (which shall be paid out of the Settlement Payment), so long as such petition does not exceed $600,000.00. The Parties agree that any decision by the Court rejecting or limiting Plaintiffs' counsel's petition does not affect the remainder of this Agreement.

2.    <u>Allocation of Settlement Payment</u>. The allocation of the Settlement Payment to each of the Plaintiffs will be based upon his or her proportion of weeks worked for Fifth Third in the exempt Customer Service Manager position in the three years preceding the date he or she opted-in to this lawsuit (plus any period of time during which the statute of limitations was tolled) divided by all the weeks worked during the relevant period by all Plaintiffs, less any specific weeks for which he or she already has been compensated in connection with the settlement of the *Stallard vs. Fifth Third, et al.* matter. However, no Settlement Payment shall be less than $300.00 to any particular Plaintiff. Named Plaintiff shall be entitled to petition the Court for the award of a service payment of $10,000.00, which shall be paid out of the Settlement Payment, for her involvement in commencing and discovering the claims represented in this litigation, her participation in discovery, and her involvement in preparing for mediation for the benefit of all Plaintiffs. Fifth Third agrees not to oppose Named Plaintiff's request for a service payment.

3.    <u>Settlement Administration and Notice Cost</u>. The costs of notice and claims administration shall be paid out of the Settlement Payment. The settlement will be administered by R2d ("Settlement Administrator"). Plaintiffs' and Fifth Third's counsel have reached an agreement as to the form and content of all communications that the Settlement Administrator will disseminate. The Settlement Administrator will collect and provide the Parties will all copies of Settlement Consent Forms.

4.    <u>Judicial Approval of Settlement</u>. The Parties will in good faith jointly seek: (a) preliminary judicial approval of the Settlement; (b) approval of the Notice of Proposed Settlement of Lawsuit to be sent to the Plaintiffs ("Notice") (in the form attached hereto as Exhibit A); and (c) the setting of a final fairness hearing for the purpose of determining whether the settlement should be finally approved by the Court as fair, reasonable, and adequate. Within 14 days following the Court's preliminary approval of this Settlement Agreement and attached Notice, the Settlement Administrator will provide a copy of the Notice of Proposed Settlement to Plaintiffs via First Class United States mail, postage prepaid to each such Plaintiffs. Plaintiffs shall be given 60 days from the date of the mailing of the Notice in which to object to any part of the proposed Settlement. The Parties agree to petition the Court to hold a final fairness hearing and to enter a Final Judgment and Order dismissing this action with prejudice on a date to be scheduled by the Court. Plaintiffs' counsel will file their petition for an award of attorney's fees and reimbursement of costs, their petition for the service payment to Named Plaintiff ,their request for approval of the Settlement Administrator's costs, and their request for final approval of the Settlement within 14 days prior to the final fairness hearing

5. <u>Stay of Pending Litigation</u>. The parties agree to a continued stand down from all litigation activities in this case.

6. <u>Release</u>. The terms of the release that Plaintiffs will provide Fifth Third shall be set forth in the Notice of Proposed Settlement and shall be contained on the check each Plaintiff will receive should the Court finally approve the Settlement. The release language on the check will state as follows:

> By endorsing this check, I agree to irrevocably and unconditionally forever and fully release Fifth Third Bank; Fifth Third Financial Corporation; and Fifth Third Bancorp, as well as any of their predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, board members, employees, representatives, heirs, attorneys, and assigns from any and all past and present matters, claims, demands, and causes of action for unpaid regular or overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief which accrued prior to September 21, 2014 under the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. or any other state or local statute, law, or ordinance relating to the payment of wages arising out of my employment as a Customer Service Manager.

7. <u>Characterization of Settlement Payment</u>. The Settlement Payment paid to Plaintiffs will be characterized in two ways: half will be paid and reported as wages for tax purposes with each Plaintiff receiving an IRS Form W-2 for this portion of the Settlement Payment and the other half of such amounts will be paid and reported as liquidated damages with each Plaintiff receiving an IRS Form 1099. The Settlement Administrator shall be responsible for calculating the amounts of withholding. Fifth Third shall be responsible for the calculation and payment of the employer's share of payroll taxes.

8. <u>Payment of Settlement Amount</u>. Fifth Third shall cause to be paid the Settlement Payment within thirty (30) days of the final judicial approval of this Agreement. All such payments shall be paid to the Settlement Administrator who shall receive and hold such funds in trust for and on behalf of Plaintiffs, to be distributed strictly in accordance with the terms of this Agreement. The Settlement Administrator shall mail settlement checks to all Plaintiffs, mail the court-approved service award to Named Plaintiff, and wire Plaintiffs' counsel's attorneys' fees and costs to the firms within fourteen (14) days after receiving the Settlement Payment funds from Fifth Third.

9. <u>No Admission of Liability</u>. The Parties stipulate that the Settlement reflects a settlement of disputed and contested claims and issues and does not reflect or in any way shall be deemed to be an admission of liability or wrongdoing by any Party.

10. Effective Date; Fifth Third's Right of Rescission.

   a. The Settlement shall be effective on the "Effective Date," which shall be the date on which the final judgment entered by the Court becomes final and not subject to any further judicial review by the Court or an appellate court.

   b. In the event the Settlement is not approved by the Court, Plaintiffs' claims shall be reinstated against Fifth Third.

   c. Subsequent to the Effective Date, and in the event of a breach of the Settlement, the Parties and their counsel shall have the rights and remedies afforded them by law.

   d. In the event the Settlement is voided by a final and non-appealable order of a court of competent jurisdiction and Plaintiffs and their counsel are required to, and do, disgorge all amounts received from Fifth Third prior thereto, Plaintiffs' claims against Fifth Third, to the extent that they exist as of the date this Agreement is signed, shall be deemed reinstated as if the Settlement had not occurred.

   e. Upon the Effective Date, the *Kampfer* lawsuit will be dismissed with prejudice, with each party to bear his, her, or its own costs and attorney fees. The Ohio state law claims asserted therein on behalf of a putative Rule 23 class shall be dismissed without prejudice.

**PLAINTIFFS:**

By: *Judith J. Kampfer*
Judy Kampfer
Dated: March 10, 2017


By:_____
Drew Legando
**Landskroner Grieco Merriman LLC**
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Dated: March ___, 2017


By:_____
Seth R. Lesser
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350

4

a. The Settlement shall be effective on the "Effective Date," which shall be the date on which the final judgment entered by the Court becomes final and not subject to any further judicial review by the Court or an appellate court.

b. In the event the Settlement is not approved by the Court, Plaintiffs' claims shall be reinstated against Fifth Third.

c. Subsequent to the Effective Date, and in the event of a breach of the Settlement, the Parties and their counsel shall have the rights and remedies afforded them by law.

d. In the event the Settlement is voided by a final and non-appealable order of a court of competent jurisdiction and Plaintiffs and their counsel are required to, and do, disgorge all amounts received from Fifth Third prior thereto, Plaintiffs' claims against Fifth Third, to the extent that they exist as of the date this Agreement is signed, shall be deemed reinstated as if the Settlement had not occurred.

e. Upon the Effective Date, the *Kampfer* lawsuit will be dismissed with prejudice, with each party to bear his, her, or its own costs and attorney fees. The Ohio state law claims asserted therein on behalf of a putative Rule 23 class shall be dismissed without prejudice.

**PLAINTIFFS:**

By:_____
    Judy Kampfer


By:_____
    Drew Legando
    **Landskroner Grieco Merriman LLC**
    1360 West 9th Street, Suite 200
    Cleveland, OH 44113


By:_____
    Seth R. Lesser
    **KLAFTER OLSEN & LESSER LLP**
    Two International Drive, Suite 350
    Rye Brook, New York 10573

DocuSign Envelope ID: B015F351-003E-4242-B5C6-0A2B0D03F13E

    Rye Brook, New York 10573
Dated: March __, 2017

By: _____
    Gregg Shavitz
    **Shavitz Law Group, P.A.**
    1515 S. Federal Highway, Suite 404
    Boca Raton, FL 33432
Dated: March 17, 2017

By: _____
    Peter Winebrake
    **Winebrake & Santillo LLC**
    715 Twining Road
    Dresher, PA 19025
Dated: March 17, 2017


**DEFENDANTS:**

FIFTH THIRD BANK

By: _____
Title: _____
Dated: March __, 2017


FIFTH THIRD FINANCIAL CORPORATION

By: _____
Title: _____
Dated: March __, 2017


FIFTH THIRD BANCORP

By: _____
Title: _____
Dated: March __, 2017

  Rye Brook, New York 10573
Dated: March __, 2017


By:_____
  Gregg Shavitz
  **Shavitz Law Group, P.A.**
  1515 S. Federal Highway, Suite 404
  Boca Raton, FL 33432
Dated: March __, 2017


By:_____
  Peter Winebrake
  **Winebrake & Santillo LLC**
  715 Twining Road
  Dresher, PA 19025
Dated: March __, 2017


**DEFENDANTS:**

FIFTH THIRD BANK
By: _____
Title: ___Assistant General Counsel___
Dated: March 20, 2017


FIFTH THIRD FINANCIAL CORPORATION
By: _____
Title: ___Assistant General Counsel___
Dated: March 20, 2017


FIFTH THIRD BANCORP
By: _____
Title: ___Assistant General Counsel___
Dated: March 20, 2017

5

By: _____
David K. Montgomery
**JACKSON LEWIS P.C.**
PNC Center, 26th Floor
201 E. Fifth Street Cincinnati, OH 45202
Dated: March ___, 2017